**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeanne Marie Scott,** | ) | **CASE NO. 4:12 CV 859** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the Report & Recommendation of Magistrate Judge Kenneth S. McHargh (Doc. 13), recommending that the decision of the Commissioner be affirmed. This is a social security case. For the reasons that follow, the R&R is REJECTED. The decision of the Commissioner is REVERSED and this matter is REMANDED to defendant for further proceedings.

### FACTS

The following medical facts regarding plaintiff's degenerative disc disease appear in the R&R. It does not appear that the facts are in dispute:

1

Plaintiff sought treatment from Dr. Goodwin on March 23, 2007, complaining of lower back pain.  Treatment notes indicated a history of slipped discs, and that Plaintiff reported using heat wraps and taking over-the-counter pain medication.  She complained of morning stiffness with tingling and numbness in her legs and buttocks, and reported bending a lot each day.  Dr. Goodwin prescribed over-the-counter Tylenol for the pain, and ordered a lumbroscaral spine X-ray.  The X-ray (dated March 26, 2007) results were unremarkable, demonstrating normal height of the vertebral bodies and disc interspaces, with no significant pathology in [] the osseous structures, disc spaces, joints, or vertebral soft tissues.

The record also shows Dr. Goodwin ordered another X-ray, performed September 11, 2008, for mid-back pain, which showed multilevel thoracic spondylosis, with mild multilevel degenerative disc disease, but no acute bony abnormalities.  At this time Plaintiff also complained of right shoulder pain, with tenderness in the paraspinal mid-thoracic region on her right side, and Dr. Goodwin noted 5/5 strength in her upper extremities with decreased motion in her neck.  Treatment notes show Plaintiff went to urgent care the previous week due to shoulder pain, and was prescribed Naproxen.  On September 23, 2008, treatment notes show Plaintiff's pain was "less severe," that Naproxen and Tramadol helped to relieve her pain, and that she had improved range of motion in her neck, but continued to experience weakness and 'falling asleep' of her right arm.  Dr. Goodwin referred Plaintiff to physical therapy to treat her thoracic pain and degenerative disc disease.  By January 9, 2009, Dr. Goodwin's treatment notes report Plaintiff finished physical therapy and that her thoracic pain was improved; however, Plaintiff now complained of low back pain, and was diagnosed with lumbar strain.

Plaintiff began physical therapy on referral from Dr. Goodwin on September 30, 2008, to treat her back pain.  Her initial evaluation showed Plaintiff reported participating in activities including laundry, cleaning, cooking, working on her computer, and taking care of her granddaughter, but that she was restricted from pushing, pulling, or lifting heavy objects.  Plaintiff reported her pain range between 4/10, on her best days, and 10/10 on her worst.  Therapy notes on October 2, 2008, show continued presence of pain, but at a lesser severity, and by October 6, 2008, Plaintiff 'felt better.'  On October 13 and 16, 2008, therapy notes show 'no real pain,' but with numbness and tingling.  A final report was issued on November 13, 2008, stating that Plaintiff completed only seven physical therapy sessions, and had shown progressive improvement, but was discharged at that point for non-attendance.

The Administrative Law Judge ("ALJ") found at step two of the five-step sequential analysis that plaintiff does not suffer from a severe impairment.  Accordingly, the inquiry ended and defendant concluded that plaintiff is not disabled.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

The Magistrate Judge recommends that the Court affirm defendant's step two determination that plaintiff does not suffer from a severe impairment. Plaintiff objects on the grounds that the Magistrate Judge erred in determining that the ALJ properly weighed the medical evidence. In addition, plaintiff argues that the ALJ failed to properly evaluate plaintiff's credibility and failed to consider her obesity. The government argues that the ALJ correctly determined these issues.

Upon review, the Court finds plaintiff's objection regarding the ALJ's step two analysis to be well-taken. At step two of the sequential analysis, the claimant must establish that she has an impairment that "significantly limits [her] physical...ability to do basic work activities." 20 C.F.R. § 404.1520(c).

In the Sixth Circuit, the severity determination is "a *de minimis* hurdle in the disability

3

>  determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Id*. The goal of the test is to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir.1985).

*Anthony v. Astrue*, 266 Fed. Appx. 451 (6th Cir. Feb. 22, 2008).

Here, the ALJ assigned little or no weight to the opinions of three of plaintiff's treating physicians, all of whom opined that claimant's impairment caused work-related restrictions. In addition, the ALJ assigned "lesser" weight to the opinion of Dr. Sagone, a state agency physician, who also opined that plaintiff's impairment resulted in exertional work limitations. Moreover, as noted by Dr. Sagone, an x-ray performed on plaintiff showed "mild degenerative disc disease...with space narrowing" and "multilevel thoracic spondylosis." Although the ALJ may be permitted to assign lesser weight to these opinions and findings, the ALJ's decision must nonetheless be supported by substantial evidence.

The Court finds that substantial evidence does not support the ALJ's finding at step two. The only medical opinion to which the ALJ assigned "significant" weight is the opinion of Dr. Eli Percenevich, a state agency physician. Dr. Percenevich, however, did not opine that plaintiff's impairment caused no work-related restrictions. Rather, this doctor indicated only that "there is insufficient evidence during this time frame to make a substantive determination regarding [plaintiff's] physical functioning. Additional information is needed." Thus, Dr. Percenevich does not opine that the evidence is insufficient to establish an impairment that causes more than "slight" restrictions in functioning. Rather, Dr. Percenevich simply indicates that he lacks sufficient information to even *form* an opinion. The ALJ does accurately note the results of both x-rays and further relies on physical therapy reports which "reflect an ongoing

course of general improvement" and notes that plaintiff reported that her pain had resolved. The ALJ also points out that plaintiff discontinued physical therapy. As plaintiff, notes, however, her burden at step two is "*de minimis*" and the purpose of step-two is to "screen out totally groundless claims." Here, three of plaintiff's treating physicians opined that her degenerative disc disease impairment causes work-related restrictions, as did one of the state agency reviewing physicians. Given the ALJ's erroneous reliance on the "non-opinion" of the remaining state agency reviewing physician, the Court finds that the ALJ's determination at step-two is not supported by substantial evidence. The Court notes, however, that it does not opine as to whether plaintiff's evidence is sufficient to establish disability at steps four and five. Rather, the Court concludes only that the ALJ erred at step two. Because the Court finds plaintiff's first objection to be well-taken, the Court need not reach plaintiff's remaining two objections.

## **CONCLUSION**

For the foregoing reasons, the R&R is REJECTED. The decision of the Commissioner is REVERSED and this matter is REMANDED to defendant for further proceedings.

IT IS SO ORDERED.

                                         /s/Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
Date: 8/28/13                  United States District Judge