IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE MARIE SCOTT, | ) | CASE NO. 4:12-CV-859 |
| | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **REPORT & RECOMENDATION** |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jeanne Marie Scott filed a motion for attorney fees and costs in the total amount of $8,199.45 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. Nos. 18, 19).  Defendant, the Commissioner of Social Security, opposes an award of fees and costs pursuant to EAJA on the grounds that the government's position was substantially justified.  In the alternative, Defendant seeks a reduction of the number of hours of services rendered by Plaintiff's counsel and the rate at which the hours were billed.[1] (Doc. No. 21).  The presiding District Judge referred the matter to the undersigned for a report and recommendation. (Doc. No. 20).

For the reasons set forth below, it is recommended that Plaintiff's motion for EAJA fees be GRANTED in part and DENIED in part.

**I.      PROCEDURAL BACKGROUND**

On April 6, 2009, Plaintiff protectively applied for a Period of Disability and Disability Insurance benefits. (Tr. 53).  The Social Security Administration denied her application initially

---

[1] The Commissioner does not object to awarding Plaintiff the $350.00 cost of the EAJA application filing fee.

1

and upon reconsideration, prompting Plaintiff to request a hearing before an administrative law judge ("ALJ"). (Tr. 57, 65, 71). On May 17, 2011, an ALJ conducted Plaintiff's hearing and subsequently found Plaintiff was not disabled. (Tr. 12-19, 26). The Appeals Council declined to review the ALJ's decision, making the ALJ's May 26, 2011 opinion the final decision of the Commissioner. (Tr. 1, 7).

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying benefits on April 10, 2012. (Doc. No. 1). On September 21, 2012, Plaintiff filed her brief on the merits. (Doc. No. 10). Plaintiff asserted three assignments of error: (1) that the ALJ failed to find Plaintiff suffered from a severe impairment and erred in his weighing of the medical evidence; (2) the ALJ failed to properly evaluate Plaintiff's credibility; and (3) the ALJ failed to consider Plaintiff's obesity. (*Id.*). The Commissioner opposed Plaintiff's arguments. (Doc. No. 11). Plaintiff filed a reply to the Commissioner's opposition. (Doc. No. 12).

On May 29, 2013, the Magistrate Judge recommended that the Commissioner's final decision be affirmed. (Doc. No. 13). The District Judge rejected the Magistrate Judge's recommendation and ordered that the Commissioner's final decision be reversed and the case be remanded for further proceedings. (Doc. No. 16). The District Judge concluded that substantial evidence did not support the ALJ's finding at step two of the sequential analysis. (*Id.*). That is, the District Judge found that the ALJ improperly relied on the opinion of a state agency reviewing physician to conclude that Plaintiff did not suffer from a severe impairment. The state agency physician did not opine as to the effects of Plaintiff's impairment on her ability to work, but instead indicated that there was insufficient evidence to make any determination regarding Plaintiff's physical functioning. Because remand was necessary for the ALJ to reassess his step

2

two finding, the Court declined to address whether the ALJ erred at other points in the evaluation. (*Id.*).

Plaintiff filed her EAJA application on November 26, 2013. (Doc. Nos. 18, 19). She seeks an initial award of $7,871.47 for 43.2 hours of services rendered by counsel between April 2012 and November 2013, at a rate of $182.21 per hour. (Doc. Nos. 18-2, 18-3).

On December 10, 2013, the Commissioner filed its response. (Doc. No. 21). In it, the Commissioner contends that its position was substantially justified; therefore, Plaintiff is not entitled to attorney fees. (*Id.*). Alternatively, the Commissioner requests this Court reduce the hourly rate proposed by Counsel and the number of hours counsel expended. (*Id.*).

On December 16, 2013, Plaintiff filed her reply, in which she requests a supplemental award of $327.98, representing 1.80 hours of services rendered by counsel, at a rate of $182.21 an hour, with respect to the reply. (Doc. No. 22).

## II. LAW & ANALYSIS

EAJA permits courts to award reasonable attorney fees to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Generally, the starting point to determine the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court may award fees for the value of services rendered in defending the propriety of an EAJA award, including a reply brief. *See Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012) (*citing Spurlock v. Sullivan*, 790 F. Supp. 979, 982 (N.D. Cal. 1992) (*citing Comm'r I.N.S. v. Jean*, 496 U.S. 154 (1990))). It is undisputed here that Plaintiff is an eligible and prevailing party. The Court will

address the Commissioner's objections to awarding fees in this case, as well as the reasonableness of hours expended and billing rate, in turn.

### A. Whether the Commissioner's position was substantially justified

The "substantial justification standard" is principally one of reasonableness. *Pierce v. Underwood*, 487 U.S. 552, 562-65 (1989). The pertinent question is whether the Commissioner's litigating position had a reasonable basis in law and fact. *Id.* at 565. A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (*quoting Pierce*, 487 U.S. at 565). Though the Commissioner may lose the case, it does not necessarily mean that her position was "not substantially justified." *See id.* (*citing Pierce*, 487 U.S. at 569).

The Commissioner bears the burden of establishing substantial justification. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004). In other words, a "[p]laintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust." *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008).

Here, the Commissioner argues that its position was substantially justified because the Magistrate Judge recommended affirmance of the ALJ's decision. However, this argument on its own does not carry the Commissioner's burden. Simply because the Magistrate Judge may have agreed with the Commissioner does not automatically lead to the conclusion that the position taken was substantially justified. *Dilworth v. Astrue*, No. 4:11-CV-119, 2012 WL 5465990, at *1 (N.D. Ohio Nov. 8, 2012) (*citing Howard*, 376 F.3d at 554) ("While a string of losses or successes may be indicative of whether a position is substantially justified, the fact that

4

one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."). The Commissioner further propounds that the ALJ sufficiently addressed the medical source opinions and had a reasonable basis for concluding that Plaintiff did not suffer from a severe impairment.

Notwithstanding the Commissioner's arguments, the ALJ's step two determination that Plaintiff did not suffer from a severe impairment plainly was not supported. The Sixth Circuit has explained that a claimant's burden to establish a "severe impairment" at step two is "*de minimis*," and "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Here, the ALJ weighed the medical opinion evidence of record. However, as pointed out by the Court, the only opinion to which the ALJ granted "significant weight" was that of state agency reviewing physician Dr. Eli Percenevich. Problematically, Dr. Percenevich did not opine that Plaintiff's impairment caused no work-related restrictions. Instead, the doctor indicated that he lacked sufficient evidence to provide an opinion as to Plaintiff's functional limitations. As a result, the ALJ's reliance on Dr. Percenevich was improper. Additionally, three treating physicians and one other state agency reviewing physician opined that Plaintiff's impairment caused work-related restrictions. Under these circumstances, the Magistrate Judge's original ruling was clearly in error. As a result, the ALJ's ruling lacked a reasonable basis in law or fact and the Commissioner has failed to demonstrate that its position was substantially justified in this case. Accordingly, Plaintiff is entitled to an EAJA award.

### B. The appropriate EAJA billing rate for attorney fees

EAJA sets a $125 statutory cap on the hourly rates that the prevailing party may be reimbursed. 28 U.S.C. § 2412(d)(2)(A). An award greater than the cap may be justified by "an

increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." *Id.*  It is within a court's discretion to award EAJA fees at a rate greater than that set out by the statute. *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 198 (6th Cir. 1992).

In requesting an increase in the hourly fee rate, the plaintiff bears the burden of producing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.* (*quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  The applicant must offer sufficient evidence for the court to ascertain "the prevailing market rate for attorneys' services of the kind and quality rendered in [the particular] case." *Begley*, 966 F.2d at 200.  The Sixth Circuit held in *Bryant* that citing to the Consumer Price Index ("CPI") alone is insufficient to support a request for an hourly rate increase under EAJA. *Bryant*, 578 F.3d at 450.  Additionally, the Sixth Circuit has described EAJA's statutory rate as "a ceiling and not a floor" and has encouraged district courts to "carefully consider" requests for additional fees based on inflation. *Begley*, 966 F.2d at 199-200 (*quoting Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (1986)).

In the present case, Plaintiff seeks a rate of $182.21 for a total of 45 attorney hours.  The Commissioner argues that the hourly rate should be reduced because Plaintiff has failed to show the reasonableness of the rate increase.  The Commissioner emphasizes that Plaintiff's counsel is located in New York City, and much of the evidence cited by Plaintiff for an increase in fees relates to that locale.

To support her claim, Plaintiff points to the following evidence:

1. The Department of Labor's Consumer Price Index for the Midwest urban region;

2. *The Survey of Law Office Economics, 2010 Edition*, prepared by the Ohio State Bar Association, showing the mean hourly rate for attorneys in the greater Youngstown area at $181.00 per hour;

3. *The 2011 Law Firm Billing Survey*, which counsel asserts recognizes that law firm billing has increased at a rate greater than inflation;[2]

4. A statement from counsel indicating that the cost of litigating cases by its New York City-based firm has increased by approximately 75 percent between 1996 and 2012 (Doc. Nos. 18-2, 18-5);

5. A description of the experience of Plaintiff's counsel (Doc. No. 18-2); and

6. Citations to cases in this district setting reasonable fees for Social Security cases above the statutory cap.

The undersigned concludes that this information is not sufficient to justify an increase in the hourly rate in this case.

Plaintiff points out that some other courts in this district have awarded increased fees similar to those requested here on the basis of the same or similar evidence. For example, in *Kane v. Astrue*, No. 1:10-CV-1874, 2012 WL 5357781 (N.D. Ohio Oct. 31, 2012) (Lioi, J.), the court awarded an hourly rate above the statutory cap based on the CPI; plaintiff's counsel, who practiced in Ohio, regularly charging $300 an hour for Social Security cases; and citations to other court decisions demonstrating a similarly requested rate of $179. The court in *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928 (N.D. Ohio July 16, 2012) (Vecchiarelli, J.) concluded that evidence including the CPI, an Ohio State Bar Association survey, and *The Survey of Law Office Economics* was sufficient to warrant an increase.

---

[2] Plaintiff provides a link to the survey, however, a subscription is required to view the survey itself. Plaintiff has not otherwise provided the Court with a copy of the survey.

7

Despite Plaintiff's argument, judges in this district have disagreed about the evidence necessary to justify an increase in EAJA attorney fees above the statutory cap. *See Shaffer v. Colvin*, No. 4:12-CV-3121, 2014 WL 185779, at *2 (N.D. Ohio Jan. 16, 2014) (Limbert, J.) (citing to cases and describing the standard of proof accepted).  Contrary to *Rodriguez* and *Kane*, the court in *Hakkarainen ex rel. Blanton v. Comm'r of Soc. Sec.*, No. 1:10-CV-02463, 2013 WL 2950529 (N.D. Ohio June 11, 2013) (Wells, J.) found evidence similar to that which Plaintiff provides here was insufficient to justify an upward departure in hourly rate. *See also Taylor v. Astrue*, No. 1:12-CV-293, 2012 WL 5465989 (N.D. Ohio Nov. 8, 2012) (Gaughan, J.) (the CPI, a law office economics survey, a description of the experience of plaintiff's counsel, and citations to cases in the district setting reasonable fees above the statutory cap were not specific enough to justify an increased hourly rate).

Though there remains disagreement as to the appropriate standard, this court in *Byland v. Commissioner of Social Security*, No. 5:11-CV-75, 2013 WL 5773083, at *1-2 (N.D. Ohio Oct. 24, 2013) (Oliver, J.) observed that many judges within the district have accepted the following proof as sufficient to support a request for an increase in the statutory cap:  (1) proof of an increase in the CPI for the relevant period; (2) evidence, like the Ohio State Bar Association survey, of attorney hourly rates having increased; (3) evidence of the experience and qualifications of counsel seeking an increase in hourly rate; and (4) evidence, usually in the form of affidavits from other attorney(s) in this district who practice in the area of Social Security law and provide services at comparable levels of experience and quality, that the specific rates requested are comparable to the prevailing rates in this district for comparable services. *(citing Burgess v. Comm'r of Soc. Sec.*, No. 1:11-CV-1865, 2013 WL 1818833 (N.D. Ohio Feb. 12, 2013) *report and recommendation adopted sub nom. Burgess v. Astrue*, No. 1:11-CV-1865, 2013

8

WL 1811889 (N.D. Ohio Apr. 29, 2013) (Baughman, J.)).  This standard synthesizes various applications of *Bryant* by district courts within this circuit, but variations of the test still exist. *Id. at \*2.*

Based on the foregoing, Plaintiff's evidence beyond the CPI is not specific enough to show that the requested hourly rate is "in line" with prevailing rates of similar attorneys practicing Social Security law in the local community. *See Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799 (N.D. Ohio Jan. 10, 2013) (Limbert, J.) (*quoting Bryant*, 578 F.3d at 450).  *The Survey of Law Office Economics* includes information about the rates charged by attorneys in Cleveland and Youngstown, but it does not provide data specific to attorneys practicing in the Social Security field in those locales to fulfill the requirement of part four of the test.  Plaintiff cites to *The 2011 Law Firm Billing Survey* only for the proposition that law firm billing has "increased at a rate greater than inflation."  Plaintiff does not assert or show that the survey includes attorney rates for Social Security practitioners specific to the Cleveland area.  Plaintiff also submits statements from her attorneys in which they detail counsel's experience, billing rates, and the increase in New York law firm costs of doing business.  However, all of this information relates to the practice of law in New York City, which is more costly than Cleveland. *See Dilworth v. Astrue*, No. 4:11-CV-119, 2012 WL 5465990, at \*2 (N.D. Ohio Nov. 8, 2012) (Gaughan, J.) (noting the cost disparity between law practice in New York City and Cleveland).

While Plaintiff requests that the Court take judicial notice of historical fee reimbursement rates in determining the prevailing market rate, this argument is not well-taken.  "[F]ee applications must be reviewed independently in each case for reasonableness." *Keyes v. Astrue*, No. 1:11-CV-0312, 2012 WL 2498892 (N.D. Ohio June 27, 2012).  As such, courts may exercise

9

their discretion consistent with the evidence in each fee application when evaluating an award. *See id.* In the present case, Plaintiff's evidence lacks the specificity necessary to establish higher prevailing rates. Accordingly, the rate should be limited to $125 per hour.

### C. The number of compensable hours

Counsel for a prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts should exclude hours that were not "reasonably expended." *Id.* The Sixth Circuit has observed that the number of hours expended in most Social Security appeals ranges from "twenty to thirty hours," *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987), with forty hours being the high end of what has been described as an average range. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) (indicating that the district court below observed that the "average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours"). Additional attorney hours expended may be appropriate where the issues are novel, complex, or extraordinary. *See Hensley*, 461 U.S. at 430 (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

In the instant case, the Commissioner recognizes Plaintiff's requested compensation for 43.20 hours of services "does not so far exceed the bounds of reasonable," but suggests the Court prune the request to an award of 24 hours. The Commissioner more specifically states that Plaintiff's request was excessive in that counsel expended 30.6 hours to research and prepare the initial brief, 2.2 hours to research and prepare the reply brief, and 7.7 hours to draft objections to the Magistrate Judge's report and recommendation. In her reply, Plaintiff disagrees, noting cases from other jurisdictions that she purports involved routine Social Security matters and fee awards

for even greater hours than she requests.  Plaintiff also includes a supplemental request of 1.8 hours for work on the reply, bringing the total number of requested attorney hours to 45.

However, Plaintiff does not maintain that this case was complex or unique.  Rather, it is a typical Social Security case for which a typical range of hours might have been expected.  As a result, the Court concludes that based on the nature of the case and counsel's experience in Social Security law, the time Plaintiff's counsel expended in pursing her appeal was excessive.  Accordingly, the Court recommends that the number of compensable hours be reduced to 32 hours overall, including counsel's application for an EAJA award.

Plaintiff's counsel reasonably expended a total of 32 hours on services rendered through Plaintiff's EAJA application.  Plaintiff should be compensated for those hours at a rate of $125 per hour, for a total of $4,000.00.

**D.  To whom the EAJA award should be made payable**

Plaintiff indicated in her initial EAJA application that she had assigned her right to be paid to her attorney pursuant to a fee agreement.  She now requests that the Court order the part of her award not subject to offset due to a debt owed to the government be made directly payable to her counsel.  To support this position, Plaintiff indicates that the Supreme Court in [Astrue v. Ratliff, 560 U.S. 586, 597 (2010)](#) noted "the Government has . . . continued the direct payment practice [but] only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.' "

In *Ratliff*, the Supreme Court held that an EAJA award should be made payable to the litigant so that any pre-existing debt owed by the litigant to the government may be subject to administrative off-set.  [Id. at 593.](#)  Despite Plaintiff's argument, *Ratliff* is clear that a "[section] 2412(d)(1)(A) attorney's fees award is payable to the litigant." [Id. at 586.](#)  Absent stipulation of

11

the parties, the Court denies Plaintiff's request that any remaining portion of the award, after offset, be made payable to Plaintiff's counsel. However, the Court orders that the award be mailed to Plaintiff in care of her counsel. Accordingly, Defendant is instructed to conduct an investigation into whether Plaintiff owes any outstanding federal debt within 30 days of the Court's order. Following this investigation, Defendant shall submit the remaining balance of the award, if any, to Plaintiff in care of counsel.

### III. CONCLUSION

Based on the above, the Court recommends that Plaintiff be awarded a total of $4,350, of which $350 is for costs pursuant to 28 U.S.C. § 2412, to fully satisfy all reasonable attorney fees, costs, and expenses incurred under EAJA. The Court further recommends that payment be made payable to Plaintiff, but mailed to her in care of counsel.


      s/ Kenneth S. McHargh
      Kenneth S. McHargh
      United States Magistrate Judge

Date: June 13, 2014.


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).